[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff James M. Cerrigione appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood following his arrest on a charge of operating under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds CT Page 4649 the issues in favor of the plaintiff.
The essential facts are not in dispute. At the administrative hearing, the only evidence adduced was the written report of the police officer who arrested the plaintiff, Officer Mormino of the East Hartford Police Department. This consisted of the A-44 printed form, which has been approved by the commissioner of motor vehicles in accordance with General Statutes § 14-227b(c), together with a two page narrative supplement and photocopies of the paper tapes produced by the intoximeter machine used to test the plaintiff's breath for alcohol in his blood.
The police reports reveal that Officer Mormino arrested the plaintiff, charging him with operating under the influence of alcohol, and took him into custody. Subsequently, another East Hartford police officer, Officer Vidal, administered two breath tests on an Intoximeter 3000 machine, which showed blood alcohol levels of .181 and .171. These results are stated in the A-44 form and shown on the paper tapes printed by the intoximeter machine.
The A-44 form contains a number of printed statements that the police officer may adopt by making a check mark in the appropriate block. One of these statements reads "Analytical device was certified, analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations." That block was not checked, either by Officer Mormino, who signed the form under penalty of false statement, or by Officer Vidal, who signed the form indicating that he administered the intoximeter test. Officer Mormino did check numerous other blocks on the form, however, and the statements associated with those blocks indisputably became part of his report.
General Statutes § 14-227b provides that the administrative hearing shall be limited to a determination of four issues: (1) did the police have probable cause to arrest the plaintiff; (2) did the police arrest the plaintiff; (3) did the results of the chemical analysis or tests, including a breath test such CT Page 4650 as administered in this case, indicated that at the time of the offense the ratio of alcohol in the plaintiff's blood was ten-hundredths of one percent or more of alcohol, by weight; and (4) was the plaintiff operating the motor vehicle. If, after the hearing, the motor vehicle department hearing officer finds on any one of these issues in the negative, the commissioner must reinstate the plaintiff's license. In this case, the hearing officer found all of the issues in the affirmative; that is, adversely to the plaintiff. The commissioner thereupon sustained the license suspension and duly notified the plaintiff.
Specifically pertinent to this appeal, the hearing officer found that the plaintiff "submitted to the test or analysis and the results indicated a BAC of .10% or more." The hearing officer indicated as "subordinate findings of fact" the following:
 While [the failure to check the block] might bring the device into question, there are a number of other considerations which indicate that the machine was reliable to produce accurate readings. The tapes show that proper standards were registered; also, the testing officer(different from the arresting officer) signed the A-44 as the one `certified' to perform the testing. It is my opinion that failure to check the box was a mere oversight rather than an inference that the device or operation were not certified.
Based on those findings, the hearing officer rendered his final decision suspending the plaintiff's license, and the plaintiff petitioned for reconsideration. The commissioner denied the petition, holding that failure to comply with applicable regulations is not a basis for reversing the hearing officer's decision "as long as there is evidence to conclude that the four prerequisites for license suspension are met," citing Schallenkamp v. DelPonte,229 Conn. 31 (1994).
The dispositive issue in this appeal, raised by the plaintiff in his brief to the court, is whether the CT Page 4651 hearing officer had sufficient evidence to find that the alcohol level in the plaintiff's blood exceeded the legal level at the time he was operating his vehicle.
The court's analysis of the hearing officer's decision begins with his "subordinate findings" concerning the reliability of the intoximeter that was used to test the plaintiff. First, the hearing officer observes that the intoximeter's paper tapes show that "proper standards were registered." The flaw here is that if the machine itself is not in good working order, its self-checking mechanism is presumably likewise suspect.
The hearing officer next states that a different police officer signed the form "as the one `certified' to perform the testing." The flaw here is that there is no evidence that Officer Vidal was certified. Indeed, as noted, he too failed to check the block that would indicate his certification.
Lastly, the hearing officer states his "opinion" that the failure of either of the police officers who signed the form to check the block in question was "a mere oversight." The obvious flaw here is that there is not a shred of evidence to support such an opinion. Specifically, there was no testimony at the hearing from either of the police officers concerning the omission or any other explanation for it. The hearing officer's opinion that the omission was unintended, therefore, is unsupported speculation. The more reasonable inference from the sparse facts that the hearing officer had before him is that the police officers intentionally did not check the block in question. In this regard, the court notes first that the form is signed under penalty of false statement, which at the least would suggest that it means what it says in the absence of contrary evidence. Secondly, it is clear that two police officers, Mormino and Vidal, contributed to the completion of the form, thereby minimizing unintentional error. Finally, as noted, the police checked numerous other blocks on the form, indicating that they made conscious choices in selecting their statements as they completed the form.
The court concludes that the hearing officer's CT Page 4652 finding concerning the reliability of the intoximeter machine that was used in this case is fatally flawed by the defects in the subordinate findings. None of those subordinate findings supports the hearing officer's further finding that the machine was "reliable to produce accurate readings." That being so, the failure to check the certification block did, in the words of the hearing officer's decision, "bring the device into question." This, in turn, brings into question the ultimate finding concerning the plaintiff's blood alcohol level, since that determination is based in this case exclusively on the results of the intoximeter tests.
The defendant commissioner relies on the opinion of the majority in Schallenkamp v. DelPonte, supra. In that case, the court held that the police officer's checking the block in question on the A-44 form constituted substantial evidence that he was currently certified by the department of health and addiction services to operate the intoximeter machine. Accordingly, the court concluded that such evidence was sufficient to support a finding that the officer was so certified even in the face of conflicting documentary evidence. The court rejected, therefore, the plaintiff's contention that the results of the intoximeter tests could not support the finding of intoxication.
The court in Schallenkamp went on to say, however, that
 Moreover, even if we were to assume that (the police officer's) certification had lapsed, such a lapse would not have sufficiently I undermined the reliability of the test results. . . . (The) alleged failure to comply with a regulation that he currently be certified to administer a breath analysis test would not be a basis for overturning the commissioner's decision in this case as long as there was evidence from which the commissioner reasonably could have concluded that the four prerequisites for suspension set forth in § 14-227b(f) had been demonstrated affirmatively. CT Page 4653
Id., 229 Conn. 41-42.
This court concludes that Schallenkamp is not controlling in this case. First, in Schallenkamp, the block in question was checked, thus allowing the court to conclude as it did that there was substantial evidence of certification of the operator of the intoximeter. The portion of the opinion quoted above, which the commissioner argues applies here, is obiter dictum, therefore, and, it may be noted, strongly criticized in the concurring opinion of Justice Katz.
Secondly, even if the quoted portion of Schallenkamp
is not regarded as dictum, that case is significantly distinguishable from the case at bar. In Schallenkamp,
the issue decided by the court concerned only the certification of the operator of the intoximeter. In the case at bar, the block that was not checked on the A-44 form refers to all of the requirements of the regulations relating to the administration of the breath test by the police.
The regulatory scheme governing the administration of the breath test is precise and detailed. SeeSchallenkamp v. DelPonte, supra, 229 Conn. 47 (concurring opinion of Katz, J.). General Statutes § 14-227b(1) requires the commissioner to adopt appropriate regulations. Section 14-227b-2(c), promulgated by the defendant commissioner of motor vehicles, provides that the provisions of §§ 14-227a-1 through 14-227a-10 of the regulations, promulgated by the department of health and addiction services, apply to the administration of blood alcohol testing performed for purposes of General Statutes § 14-227b. Section 10 of those regulations requires that the operator of the testing device be certified as competent to do so by the department of health and addiction services; it requires that the machine be certified as accurate by the department; and it requires that the machine be checked for accuracy at the beginning and again at the end of each work day.
The factual issue before the hearing officer in this case, therefore, was not only whether the testing police officer was certified, but also whether the machine was certified and whether it had been checked on the day of CT Page 4654 the plaintiff's test in accordance with regulations. Unlike the circumstances in Schallenkamp, in this case where the block was not checked, there is no evidence that any of the requirements of the regulations had been satisfied. As noted above, a reasonable inference is that the police intentionally did not check the block, which would lead to the further inference that the police did not comply with those regulations.
The obvious purpose of the requirements in the regulations is to ensure the integrity and accuracy of the breath testing procedure conducted by the police. In this case, the administrative hearing officer had no evidence that the police had complied with those regulations and there was some reasonable basis for inferring that they had not do so. There was, furthermore, no other evidence at the hearing to indicate that the testing procedure would produce reliable results. Under these circumstances, the court holds that the results of the breath test conducted by the police are not sufficiently reliable to support a finding by the hearing officer that the alcohol level in the subject's blood exceeded the legal level.
General Statutes §§ 14-227b(f) and (g) required the hearing officer to determine that the ratio of alcohol in the plaintiff's blood exceeded the statutory limit as a prerequisite to suspending his license. Under the particular circumstances of this case, the hearing officer did not have sufficient evidence to make such a determination. Accordingly, his decision may not be affirmed.
The plaintiff's appeal is sustained. Pursuant to General Statutes §§ 14-227b(g) and 4-183(k), the case is remanded to the department of motor vehicles and the commissioner is ordered to reinstate the plaintiff's license.
MALONEY, J.